UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LOS ALAMOS STUDY GROUP,**

    Plaintiff,

    v.                                   **CIVIL NO. 97-1412 DJS/WWD**

**DEPT. OF ENERGY,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Summary Judgment filed April 20, 1998 (Docket No. 9) and Defendant's Cross-Motion for Summary Judgment filed April 20, 1998 (Docket No. 11). Pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, this case has been assigned to a Magistrate Judge for final disposition. The Court heard oral argument on the motions for summary judgment on June 2, 1998.

    Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact..." <u>Id.</u> "Where the record taken as a whole

1

could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citations and quotations omitted). The material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion. Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979).

Plaintiffs brought this action pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. §552 seeking to compel Defendant to produce certain information relevant to its activities at the Los Alamos National Laboratory (LANL) in New Mexico. Between April 17 and July 25, 1997, Plaintiff submitted a number of requests to Defendant pursuant to FOIA. In some of those requests, Plaintiff sought documents regarding: (1) official travel of key personnel at Los Alamos National lab in 1996 and the purpose of that travel; (2) documents referred to in a DOE report on design and construction flaws in a nuclear storage facility; (3) documents regarding the LANL public & government relations program; (4) documents regarding projects overseen by the lab's nuclear weapons technology program; (5) Defendant's programs for development of replacement warheads for submarine launched ballistic missiles; and (6) unclassified summaries of certain other programs. The documents were not provided within the time provided by FOIA (20 days) and many of the requested documents have not yet been provided to Plaintiff. Plaintiff requests that this Court order Defendant to provide complete and final responses to all of its pending FOIA requests within twenty days. Plaintiff also seeks an order directing Defendant to comply with FOIA and its own regulations and directing that a report be periodically sent to the Court and to Plaintiff showing that DOE is in compliance with the statute and the regulations. In turn, Defendant seeks judgment that the records sought are not agency records within the meaning of FOIA and dismissing this action.

Los Alamos National Laboratories is managed by the University of California pursuant to a contract with Defendant. Defendant argues that the records sought by Plaintiff are not "agency records" as that term is used in FOIA. Defendant further argues that the records sought are not in its possession or control and that it therefore cannot be compelled to produce them. Defendant contends that because the materials sought are not "agency records" within the meaning of FOIA, this Court is without jurisdiction to order their production.

Jurisdiction under FOIA is limited to enjoining federal agencies from withholding agency records and ordering the production of agency records improperly withheld. 5 U.S.C. §552(a)(4)(B). FOIA only requires that agencies to disclose records which they possess or control. Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 151-2 (1980). In order to be considered "agency records" subject to a FOIA request, an agency must either create or obtain the requested materials and the agency must control the materials at the time of the request. United States Dept. of Justice v. Tax Analysts, 492 U.S. 136, 144-5 (1989)(citing Kissinger and Forsham v. Harris, 445 U.S. 169, 184 (1980).

The contract under which the University of California manages LANL provides that all records acquired or generated by the University in performance of the contract are property of the government and shall be delivered to the government or disposed of by the University as the government directs. Plaintiff's Exhibit 2 (Contract Clause 11.1(a)). Further, Defendant has promulgated a regulation, 10 C.F.R. §1004.3(e)(1), which states that when it has a contract providing that any records generated are the property of the government, Defendant shall make those records available to the public unless they are exempted from public disclosure by 5 U.S.C. §552(b)(2). In contrast to the situation in Forsham, where the government merely had a right to access the records

sought in a FOIA request in order to insure compliance with a grant, Defendant exercises final control over disposition of the materials created under this contract. Forsham, 445 U.S. at 173.

Tax Analysts v. Dept. of Justice, 913 F.Supp. 599 (D.D.C. 1996), aff'd 107 F.3d 923 (D.C.Cir) cert. den. 118 S.Ct. 336 (1997), sets out a four part test for whether a document is within an agency's control: 1) the intent of the document's creator to retain or relinquish control over the records; 2) the ability of the agency to use and dispose of the record as it sees fit; 3) the extent to which agency personnel have read or relied upon the document; 4) the degree to which the document was integrated into the agency's record system or files. Applying this test to the records at issue here, this Court concludes that the records sought by Plaintiff are within Defendant's control and are "agency records" within the meaning of FOIA. The contract between Defendant and the University of California establishes Defendant's intent to retain control over the records and to use or dispose of them as they see fit. 10 C.F.R. §1004.3 reinforces the conclusion that Defendant intends to exercise control over the material. While no evidence has been presented regarding the extent to which agency personnel have relied upon the documents sought, many of the materials are obviously intended for Defendant's use. The last factor, the degree to which the documents are integrated into Defendant's record system, alone weighs against finding that the records at issue here are in Defendant's control. It is insufficient to overcome the other three factors. See Tax Analysts, 913 F.Supp. at 603 ("[T]he question is whether, considering all of the circumstances of the case...the records at issue are 'subject to the free disposition of the agency'")(quoting Goland v. CIA, 607 F.2d 339, 347 (D.C.Cir. 1979) cert. denied, 445 U.S. 927 (1980)).

Because the records sought by Plaintiff are agency records within the meaning of FOIA, the Court does not need to address Plaintiff's and Defendant's arguments regarding whether Defendant

is required to produce the documents pursuant to 10 C.F.R. §1004.3. Defendant must comply with FOIA in responding to Plaintiff's requests. Defendant has not shown that extraordinary circumstances exist justifying a one-year delay in the production of the documents.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for summary judgment is granted and Defendant's cross-motion for summary judgment is denied. Within twenty days of the entry of this Order, Defendant shall provide complete and final responses to the six FOIA requests made between April 17 and July 25, 1997 which form the basis of this action.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**